UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
THE CITY OF NEW YORK,

        Plaintiff,

-against-

MILHELM ATTEA & BROS., INC.,
DAY WHOLESALE, INC.,
GUTLOVE & SHIRVINT, INC.,
MAURO PENNISI, INC.,
JACOB KERN & SONS, INC.,
WINDWARD TOBACCO, INC., and
CAPITAL CANDY COMPANY, INC.,

        Defendants.
------------------------------------------------------------x

**ORDER**

06 CV 3620 (CBA)

Amon, United States District Judge.

The City of New York has brought an Amended Complaint against the above-captioned defendants, a group of cigarette wholesalers who are state licensed cigarette stamping agents. The principal contention of the City is that the wholesalers violate the Contraband Cigarette Trafficking Act ("CCTA"), 18 U.S.C. § 2341 et seq., by shipping in excess of 10,000 unstamped cigarettes to Native Americans who re-sell the cigarettes to the public. According to the City, New York Tax Law § 471(1)-(2) requires that cigarettes sold to Native Americans for re-sale to the public must be taxed, and that the defendant agents are responsible for collecting the tax by purchasing tax stamps from the New York State Tax Commission and affixing them to cigarette packages. The City contends that these cigarettes are contraband within the meaning of the CCTA because the State "requires" that stamps be placed on packages of cigarettes by the wholesaler defendants, and the cigarettes at issue bear no evidence of the payment of State

1

cigarette taxes. 18 U.S.C. § 2341(2).

As part of the relief requested, the City seeks to enjoin the defendants' violations of 18 U.S.C. § 2341 et seq. In light of the alleged violations, the requested injunction would apparently envision that this Court direct the defendants to purchase tax stamps for cigarettes sold to Native Americans and pass those costs along to Native American purchasers. How practically to accomplish this is something that seems to have eluded the State of New York and its Department of Taxation and Finance for decades.

The defendants have moved to dismiss the Amended Complaint. They argue that even if the provisions of New York Tax Law § 471 (1)-(2) govern sales of cigarettes to Native Americans, the State does not "require" that stamps be placed upon cigarettes sold to them for re-sale to the public because of what they describe as the "State's Indian Forbearance Policy." This policy was most recently set forth in Advisory Opinion TSB-A-06(2)M of the New York State Department of Taxation and Finance, dated March 16, 2006.

The issues raised in this lawsuit are of enormous import to the State of New York. They implicate the collection of significant tax revenue as well as policies adopted by the State's taxing authority in administering the tax laws of the State of New York. Also implicated is the relationship of the State of New York to its Native American population.

It is imperative that this Court be provided with the views of the State of New York on the questions raised in this lawsuit. These questions include: (1) does New York Tax Law § 471 require that cigarettes sold to Native Americans for re-sale to the public be taxed; (2) if the provisions of New York Tax Law § 471 do apply, does the New York State Department of Taxation and Finance have a policy of allowing licensed stamping agents to sell untaxed

2

cigarettes to recognized Native American nations; and (3) if such a forbearance policy is in effect, does the State of New York by virtue of its legislative enactments nonetheless "require" within the meaning of 18 U.S.C. § 2341(2) that stamps be placed on cigarettes sold to Native Americans for re-sale to the public.

The Attorney General of the State of New York is directed to file a brief addressing these issues by September 24, 2007. The parties to this action may file responsive briefs by October 12, 2007. Oral argument will be held on October 30, 2007 at 10am.

The Clerk of the Court is directed to serve a copy of this order by overnight mail on: Andrew M. Cuomo, Attorney General of the State of New York, 120 Broadway, New York, NY 10271-0332.

                                                        CAROL BAGLEY AMON
Dated: Brooklyn, New York                United States District Judge
      August 24, 2007