UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
THE CITY OF NEW YORK,

    Plaintiff,        **MEMORANDUM & ORDER**
-against-             06-CV-3620 (CBA)

MILHELM ATTEA & BROS., INC.,
DAY WHOLESALE, INC.,
GUTLOVE & SHIRVINT, INC.,
MAURO PENNISI, INC.,
JACOB KERN & SONS, INC.,
WINDWARD TOBACCO, INC., and
CAPITAL CANDY COMPANY, INC.,

    Defendants.
------------------------------------------------------------x
AMON, United States District Judge.

  The City of New York has brought an Amended Complaint against the above-captioned defendants, a group of cigarette wholesalers who are state-licensed cigarette stamping agents. The principal contention of the City is that the wholesalers violate the Contraband Cigarette Trafficking Act ("CCTA"), 18 U.S.C. § 2341 et seq., by shipping in excess of 10,000 unstamped cigarettes to reservation retailers who re-sell the cigarettes to the public. According to the City, New York Tax Law § 471 requires that cigarettes sold to Native Americans for re-sale to the broader public must be taxed. The City argues that the defendant agents are responsible for collecting the tax by purchasing tax stamps from the New York State Tax Commission and affixing them to cigarette packages.

  The defendants moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 12(b)(7). In a Memorandum and Order dated April 30, 2008, this Court denied defendants' motion to dismiss. Defendants now move for reconsideration of

1

the Court's April 30, 2008 Memorandum and Order or, in the alternative, permission for leave to appeal to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1292(b). Defendants' principal asserted basis for reconsideration is a decision by the Appellate Division of the New York State Supreme Court, Fourth Department, in <u>Day Wholesale, Inc. v. State of New York</u>, 51 A.D.3d 383 (N.Y. App. Div. 2008), which was issued two days after this Court's April 30, 2008 Memorandum and Order. The parties have also provided the Court with additional briefing on the legal basis for dismissing the plaintiff's aiding and abetting claims under 18 U.S.C. § 2341. The Court assumes familiarity with the facts and issues of this case as detailed in its April 30, 2008 Memorandum and Order.

For the reasons set forth below, defendants' motion for reconsideration on the basis of the <u>Day Wholesale</u> opinion is denied. The Court shall address defendants' motion to dismiss plaintiff's aiding and abetting claims, their application for leave to appeal, and any other remaining arguments in a separate Order to follow.

**I.      Standard of Review**

Pursuant to Local Civil Rule 6.3, a party may seek reconsideration when the Court has overlooked controlling decisions or data, or failed to consider factual matters which were presented to it. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been

previously advanced." Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005); see also In re Houbigant, Inc., 914 F. Supp. 997, 1001 (S.D.N.Y. 1996) (motion for reconsideration not an opportunity for the moving party "to argue those issues already considered when a party does not like the way the original motion was resolved"). Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted).

## II.     Discussion

Defendants move for reconsideration based on a decision by the Appellate Division of the New York State Supreme Court, Fourth Department, which was issued two days after this Court's April 30, 2008 Memorandum and Order. In Day Wholesale, 51 A.D.3d, the Appellate Division held that New York Tax Law § 471-e was not in effect and upheld an injunction preventing the enforcement of the statute until certain actions are undertaken by the New York State Department of Taxation and Finance ("Department"), specifically, the distribution of tax exemption coupons to Native American Tribes. Id. at 384, 388-89. Relying on this decision, defendants argue that stamping agents are not required to affix tax stamps on cigarettes sold to reservation retailers until the Department issues and distributes tax exemption coupons pursuant to § 471-e. Defendants cite to the legislative scheme set forth in § 471-e and discussed in Day Wholesale to support their argument that defendants' sale of unstamped cigarettes does not violate New York tax laws.

As an initial matter, the Court notes that the New York Appellate Division's decision in Day Wholesale affirmed findings by the Supreme Court for the State of New York, Erie County,

and that the Supreme Court's findings were discussed in this Court's April 30, 2008 Memorandum and Order.  See City of New York v. Milhelm Attea & Bros., Inc., 550 F. Supp. 2d 332, 338, 344 (E.D.N.Y. 2008).  In discussing the state legislative backdrop for these issues, the Court noted that § 471-e was passed in 2005 and required wholesalers to sell only stamped cigarettes to Native American tribes.  The Court also noted that, under the section's scheme, tribe members would be granted reimbursement coupons on a quarterly basis, but that the New York Supreme Court's decision in Day Wholesale had preliminarily enjoined the section's enforcement.  Id. at 338.  In considering defendants' abstention argument, the Court went on to observe that the Day Wholesale lawsuit and the instant case lacked the "sufficient parallelism" to support abstention.  The Court noted that "[i]n this action, the City seeks to compel defendants' compliance with N.Y. Tax Law § 471 through the CCTA; the applicability of § 471-e is not at issue.  In contrast, the question of whether and how § 471-e is in effect is central to Day Wholesale."  Id. at 344.   Thus, defendants' statement that the Court "did not reflect upon the relevancy and applicability of § 471-e to reservation sales" is inaccurate.

  The Appellate Division's affirmation of the New York Supreme Court's decision in Day Wholesale does not alter this Court's view of the issues presented in that case or the case's relationship with the instant matter.  The Appellate Division's holding in Day Wholesale was limited to the question of "whether the amended version of the statute [§ 471-e] is presently in effect."  51 A.D.3d at 384.  In concluding that the statute was not in effect, the court found that the explicit language of the statute required the Department to undertake certain actions in distributing "tax exemption coupons to Indian nations or tribes based on a determination by the Department" of demand.  Id. at 385.  Because the Department had failed to undertake the

4

required actions, the court found that § 471-e was not in effect such that the Attorney General could enforce its provisions. Id. at 388-89.

In Day Wholesale, the Appellate Division is clear that it was considering the applicability of § 471-e. This Court does not read the decision as altering the scope of New York Tax Law § 471, discussed in the April 30, 2008 Memorandum and Order as the state provision upon which the defendants' alleged CCTA violation is premised. Although defendants rely on the fact that briefing by the parties may have referenced other provisions of the New York Tax Law, including § 471, that briefing does not expand the parameters of the issue decided by the Appellate Division. Similarly, the Appellate Division's description of the tax scheme set forth in the New York Tax Law generally does not suggest that the current unenforceability of § 471-e limits the applicability of § 471. Although the Appellate Division did undertake a somewhat broader discussion than did the lower court of the tax-exempt coupon system contemplated by § 471-e and its implications, defendants' expansive reading of the Appellate Division's holding in Day Wholesale is untenable.

This Court does not disagree with the contention that § 471-e was intended by the New York legislature to provide a mechanism to collect taxes on re-sales of cigarettes by Native American retailers to non-tribe members. The current enforceability of that statute, however, does not alter the scope of § 471 or its legal force. Those sales do not become non-taxable events with the Appellate Division's decision in Day Wholesale; rather, the court in that case found that statutorily prescribed pre-conditions for one proposed mechanism of collection have not been met.

Moreover, the crux of the issue before this Court is how the requirements set forth in New York Tax Law § 471 interact with a federal statute, the CCTA. The Appellate Division's findings in Day Wholesale do not materially change this Court's finding that N.Y. Tax Law § 471 constitutes an "applicable" tax for the purposes of 18 U.S.C. § 2341. At this stage in the litigation, the Court is not prepared to dismiss this case in its entirety based on defendants' representation that the only way to effectuate the cigarette tax contemplated by § 471 is through the enjoined scheme set forth in § 471-e. While a certain kind of tax exemption coupon system may be necessary to the system articulated in § 471-e, it is not clear to this Court, at this motion to dismiss phase, that the same scheme is required to comply with the provisions of the CCTA.

## III. Conclusion

For the foregoing reasons, the Court denies defendants' motion for reconsideration. The Court shall issue a separate order addressing defendants' motion to dismiss plaintiff's aiding and abetting claims and their application for leave to appeal.

SO ORDERED.

Dated: Brooklyn, New York
December 23, 2008

Carol Bagley Amon
United States District Judge