# Law Office of
# Margaret A. Murphy ATTORNEY AT LAW

| | |
|---|---|
| 5354 Briercliff Drive, Hamburg, New York 14075 | Telephone: (716) 649-1004 |
| Email: justmam@aol.com | Fax No.: (716) 649-1002 |

January 28, 2010

VIA PRIORITY MAIL and ECF

The Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      RE: City of New York v. Milhelm Attea & Bros., Inc., et al.
            Civil Action No. 06-CV-3620

Dear Judge Amon:

      I represent defendant Day Wholesale, Inc. ("Day Wholesale") in this action.

      On January 25, 2010, the United States Supreme Court issued its decision in *Hemi Group, LLC v. City of New York*, No. 08-969, __ U.S. __, 2010 WL 246151 (Jan. 25, 2010). Day Wholesale respectfully submits a copy of this recent decision, as a supplemental authority to support its defense that the City of New York lacks standing under Article III and that its alleged injury is not directly related to Day Wholesale's alleged injurious conduct.

      In *Hemi*, an out-of-state online tobacco seller failed to report to the New York State Department of Taxation and Finance its shipment of untaxed cigarettes to New York City residents, as required by the Jenkins Act, 15 U.S.C. §§ 375-378. The City claimed that the Jenkins Act violation was a predicate offense under the Racketeer Influenced and Corrupt Organizations Act (RICO), which caused the City to lose tax revenues. The City further alleged that under a cooperative tax agreement with the State of New York, it would have been able to recoup tax revenues from City residents if Hemi had reported its sales. Assuming that the Jenkins violation was a predicate offense for purposes of RICO, the Supreme Court stated that no justifiable claim could be alleged unless there was "some direct relation between the injury asserted and the injurious conduct alleged." 2010 WL 246151, at *8. No direct relation exists if the injury asserted is "too remote," "purely contingent," or "indirect" to the injurious conduct alleged. *Id*. Because the

**ORIGINAL FILED BY ECF- COURTESY COPY MAILED TO COURT**

Hon. Carol Bagley Amon                                                                                          Page 2.
January 28, 2010

Court found that "the conduct directly responsible for the City's harm was the customers' failure to pay their taxes," it held that Hemi's failure to report its sales was not the direct cause of the City's lost tax revenues. *Id.* at *9.

In this case, the "relation between the injury asserted and the injurious conduct alleged" is even more attenuated. The City alleges that Day Wholesale has a duty under New York Tax Law § 471 to affix state tax stamps on cigarettes sold to reservation cigarette sellers, but acknowledges that Day Wholesale has no duty to collect or remit City taxes on cigarettes sold to reservation cigarette sellers. Although the City claims that Day Wholesales' violation of § 471 is the predicate offense for its CCTA claim, it cannot show any "direct relation between the injury asserted and the injurious conduct alleged." The City alleges that sale of unstamped cigarettes on Indian reservations to New York City residents displaces sales of tax-stamped cigarettes by City vendors. Such an injury is "too remote," "purely contingent," or "indirect" to the injurious conduct alleged against Day Wholesale. Based on the Supreme Court's holding in *Hemi*, the Day Wholesale's alleged § 471 violation is too indirect a cause to support the City's CCTA claim. For this reasons, the City's complaint should be dismissed.

                                                                                     Very truly yours,

                                                                                     MARGARET A. MURPHY

cc       All Counsel of Record
           Magistrate Judge Joan M. Azrack