LAW OFFICES OF
# JAMES F. SIMERMEYER, P.C.

148 Madison Avenue, 16th Floor, New York, NY 10016

TEL: (212) 691-7070 FAX: (212) 691-7097 EMAIL: JAMES@SIMERMEYER.COM

August 12, 2011

**VIA ECF**

Honorable Carol B. Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201-1818

Re: **City of New York v. Milhelm Attea & Bros., Inc., et al, (06-cv-3620)**

Dear Judge Amon:

    Our offices represent the defendant Mauro Pennisi, Inc. in the above-referenced action. This letter is submitted to join in with the letter submitted by co-defendant Milhelm Attea & Bros, Inc., (Document No. 343) and in opposition to plaintiff's letter requesting a conference to discuss supplemental briefing on the issue of monetary damages.

    In addition to the reasons stated in our colleague's letter of August 10, 2011, defendant Mauro Pennisi wishes to add the following points. First, the amended complaint in these proceedings is no longer germane because the legal basis for its claims under the CCTA and CMSA have changed dramatically through the State's amendment of N.Y. Tax Law § 471. Moreover, as argued in defendants' renewed motion for summary judgment, the decision in *Cayuga Indian Nation of New York v. Gould*, 14 N.Y. 3d 614, 649 (N.Y. 2010), *cert. denied*, 131 S.Ct. 353 (2010), clearly states that "the Legislature did not view [pre-amended] Tax Law §471 as a sufficient regulatory or statutory predicate for the collection" of cigarette taxes on Indian reservations. Thus, the plaintiff City of New York does not have a cognizable legal theory warranting injunctive relief or damages.

    Notwithstanding the City's failure to have a sound legal theory supporting its claims, its factual allegations are equally attenuated and cannot support claim for a special monetary damages. "Special damages must be pleaded with particularity." Fed. R. Civ. P. 9(g). "The rules surrounding the pleading and proof of special damages are stringent and well-articulated. Special damages are limited to losses having pecuniary or economic value, and must be fully and accurately stated, with sufficient particularity to identify actual losses." *Kirby v. Wildenstein*, 784 F. Supp. 1112, 1116 (S.D.N.Y. 1992) (internal citation and quotations omitted). *See Matherson v. Marchello*, 473 N.Y.S.2d 998, 1001 (2d Dept. 1984); *See also Drug Research Corp. v. Curtis Publishing Co.*, 7 N.Y.2d 435, 440 (N.Y. 1960); *See also Baez v. Jetblue Airways Corp.*, 2009 U.S. Dist. LEXIS 67020 *25 (E.D.N.Y. 2009) (defining "special damages" as a "specific and measurable loss.").

Furthermore, special damages "must be alleged with sufficient particularity to identify actual losses and be related causally to the alleged tortious acts." *Baez* at *25 *(quoting McKenzie v. Dow Jones & Co.,* 2008 U.S. Dist. LEXIS 55387 at *7 (S.D.N.Y. July 22, 2008)); See also *D'Angelo-Fenton v. Town of Carmel,* 470 F. Supp. 2d 387, 401 (S.D.N.Y. 2007). Thus, "Broad and conclusory terms… are insufficient to fulfill this element." *Id.*

In its amended complaint, the City pleads an injury based on a hypothetical tax loss caused by cigarette sales on Indian county; the closest of which is approximately 60 miles from the City's tax jurisdiction. See Amended Complaint at ¶¶ 51, 58. The plaintiff City of New York has not claimed a specific dollar amount for damages nor has it articulated how such amount could be calculated accurately. More significantly, the City has failed to plead a legitimate causal connection of defendants' *lawful* actions to its hypothetical injury. In light of these circumstances, briefing the plaintiff's request for monetary damages would be wasteful of judicial resources and would only serve to prejudice the defendants with unnecessary and costly motion practice. Accordingly, the City's request should be denied because the City has not pleaded special damages with the particularity required by Fed. R. Civ. P. 9(g).

As a final matter, the Court should note that Mauro Pennisi, Inc. has always followed the laws of New York State, and continues to this day. Since the amendments to Tax Law § 471 recently became enforceable, thus requiring all cigarettes sold by New York wholesalers to bear cigarette tax stamps, Mauro Pennisi, Inc. has not sold a single pack of unstamped cigarettes to any of its American Indian customers. Accordingly the City does not have a viable case or controversy under the CCTA or CMSA and this action should be dismissed as moot.

Based on the foregoing, the defendant Mauro Pennisi, Inc. respectfully requests that the Court decide the pending defense motions for summary judgment in favor of defendants and deny plaintiff's motion for a preliminary injunction, without any further briefing.

Respectfully submitted,

James F. Simermeyer

Cc: All Counsel of Record via ECF