UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
THE CITY OF NEW YORK,

                                Plaintiff,

-against-

MILHELM ATTEA & BROS., INC., DAY
WHOLESALE, INC., GUTLOVE & SHIRVINT, INC.,
MAURO PENNISI, INC., JACOB KERN & SONS,
INC., WINDWARD TOBACCO, INC. and CAPITAL
CANDY COMPANY, INC.

                                Defendants.

---------------------------------------------------------------------x

Civil Action No. 06-CV 3620 (CBA)

**CITY OF NEW YORK'S
<u>RULE 56.1 STATEMENT</u>**

Pursuant to Rule 56.1 of the Local Rules of the Eastern and Southern Districts of New York, and in support of its motion for summary judgment dated December 23, 2011, plaintiff the City of New York (the "City") hereby provides this statement of material facts as to which the City contends there is no genuine issue to be tried.

<u>**MATERIAL UNDISPUTED FACTS**</u>

1.      Defendant Gutlove & Shirvint, Inc. ("Gutlove"), beginning in 1998 and continuing through January 2011, shipped, transported, sold and distributed cigarettes to which New York State Tax stamps had not been affixed (hereafter, "unstamped cigarettes") in quantities exceeding 10,000 cigarettes per transaction, to certain customers ("Gutlove Customers"), the names of which and quantities of cigarettes sold, beginning at least as early as January 2004, are listed on reports, entitled "Resident Agent Cigarette Tax Report, Form CG-6" and accompanying attachments ("CG-6 Forms"), filed by Gutlove with the New York State Department of Taxation and Finance ("DTF").  Dec. 23, 2011 Declaration of Eric Proshansky

("*Proshansky Decl.*") ¶ 3 and Exs. 1, 2; December 8, 2008 Declaration of Eric Proshansky ("*Dec. 8, 2008 Proshansky Decl.*") Ex. 3 (PACER Doc. No. 249).

2.      Gutlove sold the cigarettes described in paragraph 1 to the Gutlove Customers at prices that do not include the cost of New York State tax stamps. *Proshansky Decl.* ¶ 3 and Exs. 2, 7, 8, 18; *Dec. 8, 2008 Proshansky Decl.* Ex. 3.

3.      For those unstamped cigarettes it sold between April 3, 2002 and June 2, 2008, Gutlove sold the cigarettes to the Gutlove Customers at prices below the sum of the manufacturer's list price and $15 per carton. *Proshansky Decl.* ¶ 3 and Exs. 2, 7, 8, 18; *Dec. 8, 2008 Proshansky Decl.* Ex. 3.

4.      For those unstamped cigarettes it sold between June 3, 2008 and June 30, 2010, Gutlove sold the cigarettes to the Gutlove Customers at prices below the sum of the manufacturer's list price and $27.50 per carton. *Proshansky Decl.* ¶ 3 and Exs. 2, 7, 8, 18; *Dec. 8, 2008 Proshansky Decl.* Ex. 3.

5.      For those unstamped cigarettes it sold after July 1, 2010, Gutlove sold the cigarettes to the Gutlove Customers at prices below the sum of the manufacturer's list price and $43.50 per carton. *Proshansky Decl.* ¶ 3 and Exs. 2, 7, 8, 18; *Dec. 8, 2008 Proshansky Decl.* Ex. 3.

6.      Certain Gutlove Customers, who purchased unstamped cigarettes from Gutlove, sold some or all of those cigarettes to non-Indians. *Proshansky Decl.* ¶¶ 3, 11 and Exs. 2-8, 30-35; *Dec. 8, 2008 Proshansky Decl.* Ex. 3; Gutlove November 30, 2010 Reply/Opposition Memorandum of Law, at 8; Affidavit of DTF Confidential Informant ("*DTF CI Aff.*"); Affidavit of Christopher Lannon ("*Lannon Aff.*"); Affidavit of Tracey Young ("*Young Aff.*"); Affidavit of Jason Jerome (*Jerome Aff.*"); Affidavit of Byron Mars ("*Mars Aff.*"); Affidavit of Thomas

Frieden ("*Frieden Aff.*") ¶ 7; *City v. Golden Feather*, 08-cv-3966, 2009 U.S. Dist. LEXIS 76306 (E.D.N.Y. Aug. 25, 2009); *Matter of Gutlove & Shirvant, Inc. v. Tax Appeals Trib. of the State of New York*, 911 N.Y.S.2d 214 (3d Dep't 2010).

7.     Gutlove knew, at the time of some or all of its sales, that certain Gutlove Customers, who purchased unstamped cigarettes from Gutlove, sold some or all of those cigarettes to non-Indians.  *Proshansky Decl.* ¶¶ 3, 11 and Exs. 2-8, 30-35; *Dec. 8, 2008 Proshansky Decl.* Ex. 3; Gutlove November 30, 2010 Reply/Opposition Memorandum of Law, at 8; *DTF CI Aff.*; *Lannon Aff.*; *Young Aff.*; *Jerome Aff.*; *Mars Aff.*; *Frieden Aff.* ¶ 7; *City v. Golden Feather*, 08-cv-3966, 2009 U.S. Dist. LEXIS 76306 (E.D.N.Y. Aug. 25, 2009); *Matter of Gutlove & Shirvant, Inc. v. Tax Appeals Trib. of the State of New York*, 911 N.Y.S.2d 214 (3d Dep't 2010).

8.     Certain Gutlove Customers, who purchased unstamped cigarettes from Gutlove, sold some or all of those cigarettes to residents of the City.  *Proshansky Decl.* ¶¶ 3, 11 and Exs. 2-8, 30-35; *Dec. 8, 2008 Proshansky Decl.* Ex. 3; *DTF CI Aff.*; *Lannon Aff.*; *Young Aff.*; *Jerome Aff.*; *Mars Aff.*; *Frieden Aff.* ¶ 7; *City v. Golden Feather*, 08-cv-3966, 2009 U.S. Dist. LEXIS 76306 (E.D.N.Y. Aug. 25, 2009).

9.     Defendant Mauro Pennisi, Inc. ("Pennisi"), beginning in 1998 and continuing through June 2011, shipped, transported, sold and distributed cigarettes onto which New York State Tax stamps had not been affixed (hereafter, "unstamped cigarettes") in quantities exceeding 10,000 cigarettes per transaction, to certain customers ("Pennisi Customers"), the names of which and quantities of cigarettes sold, beginning at least as early as January 2004, are listed on CG-6 Forms filed by Pennisi with DTF.  *Proshansky Decl.* ¶ 15 and Exs. 11, 12; *Dec. 8, 2008 Proshansky Decl.* Ex. 8 (PACER Doc. No. 249).

10.   Pennisi sold the cigarettes described in paragraph 9 to the Pennisi Customers at prices that do not include the cost of New York State tax stamps. *Proshansky Decl.* ¶ 15 and Ex. 12, 16-18; *Dec. 8, 2008 Proshansky Decl.* Ex. 8.

11.   For those unstamped cigarettes it sold between April 3, 2002 and June 2, 2008, Pennisi sold the cigarettes to the Pennisi Customers at prices below the sum of the manufacturer's list price and $15 per carton. *Proshansky Decl.* ¶ 15 and Exs. 12, 16-18; *Dec. 8, 2008 Proshansky Decl.* Ex. 8.

12.   For those unstamped cigarettes it sold between June 3, 2008 and June 30, 2010, Pennisi sold the cigarettes to the Pennisi Customers at prices below the sum of the manufacturer's list price and $27.50 per carton. *Proshansky Decl.* ¶ 15 and Exs. 12, 16-18; *Dec. 8, 2008 Proshansky Decl.* Ex. 8.

13.   For those unstamped cigarettes it sold after July 1, 2010, Pennisi sold the cigarettes to the Pennisi Customers at prices below the sum of the manufacturer's list price and $43.50 per carton. *Proshansky Decl.* ¶ 15 and Exs. 12, 16-18; *Dec. 8, 2008 Proshansky Decl.* Ex. 8.

14.   Certain Pennisi Customers, who purchased unstamped cigarettes from Pennisi, sold some or all of those cigarettes to non-Indians. *Proshansky Decl.* ¶¶ 15 and Exs. 12-17, 30-33; *Dec. 8, 2008 Proshansky Decl.* Ex. 8; *DTF CI Aff.*; *Lannon Aff.*; *Young Aff.*; *Jerome Aff.*; *Mars Aff.*; *Frieden Aff.* ¶ 7; *City v. Golden Feather*, 08-cv-3966, 2009 U.S. Dist. LEXIS 76306 (E.D.N.Y. Aug. 25, 2009).

15.   Pennisi knew, at the time of some or all of its sales, that certain Pennisi Customers, who purchased unstamped cigarettes from Pennisi, sold some or all of those cigarettes to non-Indians. *Proshansky Decl.* ¶¶ 15 and Exs. 12-17, 30-33; *Dec. 8, 2008*

*Proshansky Decl.* Ex. 8; *DTF CI Aff.*; *Lannon Aff.*; *Young Aff.*; *Jerome Aff.*; *Mars Aff.*; *Frieden Aff.* ¶ 7; *City v. Golden Feather*, 08-cv-3966, 2009 U.S. Dist. LEXIS 76306 (E.D.N.Y. Aug. 25, 2009).

16.     Certain Pennisi Customers, who purchased unstamped cigarettes from Pennisi, sold some or all of those cigarettes to residents of the City.  *Proshansky Decl.* ¶¶ 15 and Exs. 12-17, 30-33; *Dec. 8, 2008 Proshansky Decl.* Ex. 8; *DTF CI Aff.*; *Lannon Aff.*; *Young Aff.*; *Jerome Aff.*; *Mars Aff.*; *Frieden Aff.* ¶ 7; *City v. Golden Feather*, 08-cv-3966, 2009 U.S. Dist. LEXIS 76306 (E.D.N.Y. Aug. 25, 2009).

17.     Defendant Day Wholesale, Inc. ("Day") beginning at least as early as January 2004 and continuing through June 2011, shipped, transported, sold and distributed cigarettes onto which New York State Tax stamps had not been affixed (hereafter, "unstamped cigarettes") in quantities exceeding 10,000 cigarettes per transaction, to certain customers ("Day Customers"), the names of which and quantities of cigarettes sold are listed on CG-6 Filings filed by Day with the New York State Department of Taxation and Finance ("DTF").  *Proshansky Decl.* ¶ 23 and Ex. 19; *Dec. 8, 2008 Proshansky Decl.* Ex. 25 (PACER Doc. No. 252).

18.     Day sold the cigarettes described in paragraph 19 to the Day Customers at prices that do not include the cost of New York State tax stamps.  *Proshansky Decl.* ¶ 23 and Exs. 7-8, 16-19; *Dec. 8, 2008 Proshansky Decl.* Ex. 25 (PACER Doc. No. 252).

19.     For those unstamped cigarettes it sold between April 3, 2002 and June 2, 2008, Day sold the cigarettes to the Day Customers at prices below the sum of the manufacturer's list price and $15 per carton.  *Proshansky Decl.* ¶ 23 and Exs. 7-8, 16-19; *Dec. 8, 2008 Proshansky Decl.* Ex. 25 (PACER Doc. No. 252).

20.     For those unstamped cigarettes it sold between June 3, 2008 and June 30, 2010, Day sold the cigarettes to the Day Customers at prices below the sum of the manufacturer's list price and $27.50 per carton.  *Proshansky Decl.* ¶ 23 and Exs. 7-8, 16-19; *Dec. 8, 2008 Proshansky Decl.* Ex. 25 (PACER Doc. No. 252).

21.     For those unstamped cigarettes it sold after July 1, 2010, Day sold the cigarettes to the Day Customers at prices below the sum of the manufacturer's list price and $43.50 per carton.  *Proshansky Decl.* ¶ 23 and Exs. 7-8, 16-19; *Dec. 8, 2008 Proshansky Decl.* Ex. 25 (PACER Doc. No. 252).

22.     Certain Day Customers, who purchased unstamped cigarettes from Day, sold some or all of those cigarettes to non-Indians.  *Proshansky Decl.* ¶¶ 23, 31 and Exs. 6, 19-25; *Dec. 8, 2008 Proshansky Decl.* Ex. 25; Affidavit of Julio Monell ("*Monell Aff.*") and the Exhibits thereto*;  Frieden Aff.* ¶ 7.

23.     Day knew, at the time of some or all of its sales, that certain Day Customers, who purchased unstamped cigarettes from Day, sold some or all of those cigarettes to non-Indians.  *Proshansky Decl.* ¶¶ 23, 31 and Exs. 6, 19-25; *Dec. 8, 2008 Proshansky Decl.* Ex. 25; Affidavit of Julio Monell ("*Monell Aff.*") and the Exhibits thereto*;  Frieden Aff.* ¶ 7.

24.     Certain Day Customers, who purchased unstamped cigarettes from Day, sold some or all of those cigarettes to residents of the City.  *Proshansky Decl.* ¶¶ 23, 31 and Exs. 6, 19-25; *Dec. 8, 2008 Proshansky Decl.* Ex. 25; Affidavit of Julio Monell ("*Monell Aff.*") and the Exhibits thereto*;  Frieden Aff.* ¶ 7.

25.     Some City residents sometimes buy unstamped cigarettes sold by defendants as described in paragraphs 1-24 at lower prices than those City residents would have had to pay if the cigarettes had had New York State tax stamps affixed to them.  *Proshansky*

*Decl.* ¶¶ 3, 11, 15, 23, 31 and Exs. 2-8, 12-25, 28-35; *Dec. 8, 2008 Proshansky Decl.* Exs. 3, 8,

25; *DTF CI Aff.*; *Lannon Aff.*; *Young Aff.*; *Jerome Aff.*; *Mars Aff.*; *Frieden Aff.* ¶ 7; *Monell Aff.*

and Exhibits thereto.


Dated: New York, New York
December 23, 2011

<div style="margin-left:40%">

**MICHAEL A. CARDOZO**
Corporation Counsel of the
  City of New York
Attorney for Plaintiff The City of New York
100 Church Street, Room 20-99
New York, New York 10007
(212) 788-1324


By:      /s/ Eric Proshansky
          Eric Proshansky (EP 1777)
          Assistant Corporation Counsel

</div>


Of Counsel:
          Aaron Bloom
          William Miller
                Assistant Corporation Counsels