UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

THE CITY OF NEW YORK,

                        Plaintiff,

-against-

MILHELM ATTEA & BROS., INC., DAY
WHOLESALE, INC., GUTLOVE & SHIRVINT, INC.,
MAURO PENNISI, INC., JACOB KERN & SONS, INC.,
WINDWARD TOBACCO, INC. and CAPITAL CANDY
COMPANY, INC.

                        Defendants.

------------------------------------------------------------------------ x

Civil Action No. 06 CV 3620 (CBA)

**DECLARATION OF
ERIC PROSHANSKY**

       Eric Proshansky, an attorney duly admitted to practice before the courts of the State of New York and this Court, hereby declares under penalty of perjury:

       1.      I am an assistant corporation counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York ("the City"), attorney for the plaintiff in this action. I make this declaration in support of the City's motion for summary judgment and in opposition to the defendants' motions for summary judgment. I am fully familiar with the facts of this case.

### Gutlove

       2.      Annexed hereto as Exhibit 1 is a true and correct copy of the April 20, 2006 deposition transcript of Joseph Ruda in *In re Tobacco Investigation*.

       3.      True and correct copies of  reports entitled "Resident Agent Cigarette Tax Report, Form CG-6" and attachments thereto ("Form CG-6"), filed by Gutlove and Shirvint, Inc. ("Gutlove") with the New York State Department of Taxation and Finance ("DTF") for the months January 2004 through June 2008 were previously filed with the Court in hard copy and served on defendants. *See* PACER Docket No. 249.  Because they are voluminous, copies of

these reports and those pertaining to the other defendants covering the same time period, are not being physically resubmitted with its current motion papers, but the City asks the Court to deem them a part of the City's current submissions.  Copies of these reports are available upon request.

4.      Annexed hereto as Exhibit 2 are true and correct copies of Gutlove's Form CG-6's filed by Gutlove with DTF for the months April 2008 through April 2011, accompanied by a certification.

5.      Annexed hereto as Exhibit 3 is a true and correct copy of the September 2010 Form CG-6 filed by Gutlove with DTF.

6.      Annexed hereto as Exhibit 4 is a true and correct copy of a spreadsheet compiled from data obtained from the Gutlove's Form CG-6's summarizing deliveries by Gutlove to cigarette retailers on the Poospatuck Reservation from January 2004 through June 2008.

7.      Annexed hereto as Exhibit 5 is a true and correct copy of a chart compiled from data obtained from the Gutlove Form CG-6's showing the volume of annual deliveries of cigarettes to Poospatuck Reservation retailers by Gutlove between 2004 and June 2008.

8.      Annexed hereto as Exhibit 6 is a true and correct copy of a chart compiled from data obtained from the Form CG-6's of Gutlove, Mauro Pennisi, Inc. ("Pennisi"), and Day Wholesale, Inc. ("Day"), showing their monthly volume of sales of unstamped cigarettes to Indian reservations from May 2008 through September 2011.

9.      Annexed hereto as Exhibit 7 are true and correct copies of invoices for sales of unstamped cigarettes by Gutlove to Monique's Smoke Shop, on the Poospatuck Reservation, on various dates in 2008 and 2009.

10.     Annexed hereto as Exhibit 8 are true and correct copies of invoices for sales of unstamped cigarettes by Gutlove to Smoke Warehouse, on the Poospatuck Reservation, in October 2009.

11.     On July 17, 2008, DTF Excise Tax Investigator Tracey Young observed a Gutlove truck driver named Filemon Padilla converse with Emad Al-Naimat, an individual known to DTF as a trafficker engaged in the near-daily transportation of unstamped cigarettes from the Poospatuck Reservation to New York City, in the parking lot of smoke shop on the Poospatuck reservation.  *See* Affidavit of Tracey Young ("*Young Aff.*") dated August 11, 2008 ¶¶ 2-10.  Investigator Young then observed Mr. Padilla load a "master case" of cigarettes, containing 60 cartons, directly into Mr. Al-Naimat's vehicle.  *Id*. ¶¶ 10-11.  Later that same day, DTF agents stopped Mr. Al-Naimat's vehicle in Nassau County and discovered 20 master cases (1200 cartons) of unstamped cigarettes.  *Id*. ¶ 12.  Mr. Al-Naimat was then arrested and during processing for his arrest stated to DTF Supervising Excise Tax Investigator Christopher Lannon that he ( Mr. Al-Naimat) coordinated his cigarette pick-ups on the Poospatuck Reservation with the arrival of Gutlove's deliveries to the store and that Gutlove's driver "Philly" routinely unloaded cigarettes onto Mr. Al-Naimat's vehicle.  *See* Affidavit of Christopher Lannon ("*Lannon Aff.*") dated August 6, 2008 ¶¶ 1-5.  On July 29, 2008, Lannon inspected the Gutlove truck that was observed being unloaded at Smoking Arrow on July 17, 2008 and identified the driver of the truck through the latter's drivers license as Filemon Padilla and heard a passenger in the truck refer to Mr. Padilla as "Philly."  *Id*. ¶ 6.  A former cigarette trafficker cooperating with DTF as a confidential informant ("DTF CI"), who transported unstamped cigarettes in bulk quantities from the Poospatuck Reservation to New York City for seven years, stated that Gutlove's driver Philly assisted the DTF CI in loading cases of cigarettes purchased from Poospatuck Reservation stores onto the DTF CI's vehicle "on many occasions."  *See* Affidavit of DTF CI ("*DTF CI Aff.*") dated October 24, 2008 ¶¶ 5-8.  This affiant is now known to the Court as "Mari A."

12. Attached hereto as Exhibit 9 is a true and correct copy of Determination DTA Nos. 822533 and 822921, *In the Matter of Gutlove & Shirvint, Inc.* (State of New York Division of Tax Appeals). The Third Department, Appellate Division affirmed DTF's determination revoking Gutlove's stamping agent license, on November 4, 2010. *Matter of Gutlove & Shirvant*, *Inc.*, 911 N.Y.S.2d 214 (3d Dep't 2010).

13. Attached hereto as Exhibit 10 is a true and correct copy of New York State Department of Taxation and Finance ("DTF") Form DTF-801 (4/96), which was printed out from the DTF website at http://www.tax.state.ny.us/pdf/1996/apcert/dtf801_496.pdf.

### Mauro Pennisi, Inc.

14. Annexed hereto as Exhibit 11 is a true and correct copy of portions of the June 23, 2006 transcript of the oral investigation of Salvatore Pennisi in *In re Tobacco Investigation*.

15. True and correct copies of the Form CG-6's filed by Mauro Pennisi, Inc. ("Pennisi") with DTF for the months January 2004 through June 2008 were previously filed with the Court in hard copy. *See* PACER Docket No. 249.

16. Annexed hereto as Exhibit 12 are true and correct copies of Pennisi's Form CG-6's filed by Pennisi with DTF for the months April 2008 through September 2011, accompanied by a certification.

17. Annexed hereto as Exhibit 13 is a true and correct copy of the September 2010 Form CG-6 filed by Pennisi with DTF.

18. Annexed hereto as Exhibit 14 is a true and correct copy of a spreadsheet compiled from data obtained from the Gutlove Form CG-6's summarizing deliveries by Pennisi to cigarette retailers on the Poospatuck Reservation from January 2004 through June 2008.

19.     Annexed hereto as Exhibit 15 is a true and correct copy of a chart compiled from data obtained from the Pennisi Form CG-6's showing the volume of annual deliveries of cigarettes to Poospatuck Reservation retailers by Pennisi from 2004 through June 2008.

20.     Annexed hereto as Exhibit 16 are true and correct copies of invoices for sales of unstamped cigarettes by Pennisi to Monique's Smoke Shop, on the Poospatuck Reservation, on various dates in 2008 and 2009.  This exhibit will be filed under seal.

21.     Annexed hereto as Exhibit 17 are true and correct copies of invoices for sales of unstamped cigarettes by Pennisi to Smoke Warehouse, on the Poospatuck Reservation, in October 2009.  This exhibit will be filed under seal.

22.     Attached to this Declaration as Exhibit 18 is a chart summarizing data from the October 2009 Pennisi and Gutlove invoices for sales to Smoke Warehouse (Exhibits 8 and 17 hereto).

**Day Wholesale**

23.     True and correct copies of the Form CG-6's filed by Day Wholesale, Inc. ("Day") with DTF for the months January 2004 through April 2008 were previously filed with the Court in hard copy.  *See* PACER Docket No. 252.

24.     Annexed hereto as Exhibit 19 are true and correct copies of Day's Form CG-6's filed by Day with DTF for the months April 2008 through August 2011, accompanied by a certification.

25.     Annexed hereto as Exhibit 20 is a true and correct copy of the September 2010 Form CG-6 filed by Day with DTF.

26.     Annexed hereto as Exhibit 21 is a true and correct copy of a spreadsheet compiled from data obtained from the Day Wholesale Form CG-6's estimating deliveries by Day Wholesale to cigarette retailers on Seneca reservations from January 2004 through April 2008 and

- 5 -

a spreadsheet summarizing deliveries by Day Wholesale to cigarette retailers on Indian reservations in August and September 2006.

27.     Annexed hereto as Exhibit 22 is a true and correct copy of a chart compiled from data obtained from the Day Wholesale Form CG-6's showing the volume of annual deliveries of cigarettes to Indian reservation retailers by Day between 2004 and April 2008.

28.     Attached hereto as Exhibit 23 is a true and correct copy of Day Wholesale's Response to Plaintiff's First Request for Admissions dated August 15, 2008.

29.     Annexed hereto as Exhibit 24 is a true and correct copy of the complaint and answer in *State of South Dakota v. Scott Maybee*, *d/b/a/ smartsmoker.com, buycheapcigarettes.com, and ordersmokesdirect.com*, and a true and correct copy of Scott Maybee's Response to Plaintiff's First Requests for Admissions  and Genuineness of Documents in *State of California v. Scott Maybee, et al.*

30.     Annexed hereto as Exhibit 25 is a true and correct copy of the United States Department of the Interior Bureau of Indian Affairs trader's license dated May 3, 2006 issued to Scott B. Maybee dba U.S. Tobacco Wholesale and a true and correct copy of a U.S. Postal Inspection Service New York Division facsimile containing verification information for P.O. Box 110 and P.O. Box 150, Salamanca, NY 14779.

31.      Day's CG-6 filings indicate that it sells unstamped cigarettes to Scott Maybee and companies owned or controlled by Scott Maybee, a major re-seller of unstamped cigarettes,[1] including but not limited to US Tobacco Wholesale by Day Wholesale.  *See* Exs. 19-21 hereto.  A City investigator ordered cigarettes from two internet websites operated by Maybee, Smartsmoker.com and OrderSmokesDirect.com, *see* Ex. 24 hereto, which were all delivered to an

---

[1] *See e.g. State of Idaho v. Maybee*, 224 P.3d 1109, 1115 (Sup. Ct. of Idaho, 2010).

address in the City without New York State or New York City tax stamps.  *See* Affidavit of Julio Monell (*Monell Aff.*)  ¶¶ 3-18 and Exs. A-H thereto.  Maybee has also admitted to doing business at 255 Rochester Street, Unit 4, Salamanca, N.Y. where Milhelm Attea, Day Wholesale, Windward and Gutlove have made deliveries of unstamped cigarettes.  *See* Ex. 24 hereto (Complaint ¶¶ 3, 5; Answer ¶ 1; Response to Request for Admission No. 3); *see also Monell Aff.* ¶¶ 5, 9, 13, 17 and Exs. A, C, E, G (showing return address of 255 Rochester Street, Suite 4, on shipping labels of deliveries from Smartsmoker.com and OrderSmokesDirect.com).  Maybee also admits to being a "remote tobacco retailer" who sells cigarettes via phone and the internet.  *See* Ex. 24 hereto (Complaint ¶ 5; Answer ¶ 1; Responses to Request for Admission Nos. 4-7).  The invoices for the internet orders by Investigator Monell orders show addresses for Smartsmoker.com and OrderSmokesDirect.com of P.O. Box 110 and P.O. Box 150, Salamanca, N.Y., which were both opened by and are registered to Scott Maybee.  *See* Ex. 25 hereto; *see Monell Aff.* Exs. A, C, E, G.

32.    Annexed hereto as Exhibit 26 is a true and correct copy of the Appellate Division, Fourth Department's September 14, 2010 decision in *Day Wholesale, Inc. v. State of New York*, CA 10-01813 Slip Op. (4th Dep't).

33.    Annexed hereto as Exhibit 27 is a true and correct copy of the June 21, 2010 Amendments to N.Y. Tax Law §§ 471, 471-e.

34.    Annexed hereto as Exhibit 28 are true and correct copies of Lorillard Tobacco Company price lists accompanied by a Business Records Certification.

35.    Annexed hereto as Exhibit 29 is a true and correct copy of the Indictment, dated September 22, 1999,  in *United States of America v. Kaid*, 99-cr-131 (W.D.N.Y).

36.     Annexed hereto as Exhibit 30 is a true and correct copy of the transcript of the May 15, 2009 testimony of Confidential Informant Mari A. at the preliminary injunction hearing in *City of New York v. Golden Feather Smoke Shop, Inc.*, 08-cv-3966 (CBA).

37.     Annexed hereto as Exhibit 31 is a true and correct copy of the transcript of the May 15, 2009 testimony of DTF Investigator Christopher Lannon at the preliminary injunction hearing in *City of New York v. Golden Feather Smoke Shop, Inc.*, 08-cv-3966 (CBA).

38.     Annexed hereto as Exhibit 32 is a true and correct copy of the transcript of the May 15, 2009 testimony of DTF Investigator Ahman Aldabeshes at the preliminary injunction hearing in *City of New York v. Golden Feather Smoke Shop, Inc.*, 08-cv-3966 (CBA).

39.     Annexed hereto as Exhibit 33 are true and correct copies of Suffolk County Police Department arrest reports involving contraband cigarette trafficking, accompanied by a Business Records Certification.

40.     Annexed hereto as Exhibit 34 are true and correct copies of November 2007 through February 2009 sales records of Peace Pipe Smoke Smoke, on the Poospatuck Reservation, including sales records of Smoker's Den, Peace Pipe's internet and mail order branch.

41.     Annexed hereto as Exhibit 35 is a true and correct copy of a chart prepared by counsel for the City summarizing Smoker's Den's November 2007 through February 2009 sales records.

42.     Since approximately October 9, 2009, the City has received, on a weekly or biweekly basis, data compilations prepared by Management Sciences Associates that record the number of cartons of unstamped cigarettes sold to smoke shops on the Poospatuck Reservation by State-licensed wholesalers (Gutlove & Shirvint, Inc. and Mauro Pennisi, Inc.).  A true and correct

copy of a compilation received by the City, covering the four-week period ending January 1, 2011, and which includes sales totals for all of 2010, is attached to this Declaration as Exhibit 36.

### **Attorney's Fees**

43.    I graduated from law school in 1985 and have practiced as an attorney in New York City since then, including twelve years at the New York City Law Department.  I was appointed Deputy Chief of the Law Department's Affirmative Litigation Division in 2002.

44.    Attached to this Declaration as Exhibit 37 are spreadsheets reflecting the hours City attorneys worked on this case through December 19, 2011.  As reflected on my time sheet, I worked a total of 1,320.5 hours on this case.

45.    My hours, as indicated in the applicable spreadsheet, were contemporaneously recorded and accurately reflect the time I worked on this case through December 19, 2011.

46.    I worked directly on, and supervised, all aspects of this case.  My work on this case included all of the activities described in the Declarations of Brad Snyder, William Miller, and Aaron Bloom submitted with the present motion, as well as supervision of those activities.

Dated: New York, New York
      December 23, 2011

                        /s Eric Proshansky           
                        ERIC PROSHANSKY (EP 1777)