

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

ERIC PROSHANSKY
Assistant Corporation Counsel
Phone: 212.788.1324
Fax: 212.788.1633
eproshan@law.nyc.gov

September 7, 2012

**BY FAX - COURTESY COPY – ORIGINAL FILED BY ECF**
Honorable Carol B. Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201-1818

      Re:    Mauro Pennisi Letter re Rule 54(b) -- *The City of New York v. Milhelm Attea & Bros, Inc.*, et al., 06 Civ. 3620 (CBA)

Dear Judge Amon:

      Plaintiff the City of New York ("City") responds briefly to the September 6, 2012 letter-motion of defendant Mauro Pennisi, Inc. ("Pennisi Letter") (Dkt. No. 392) requesting an accelerated appeal of the Court's August 17th order ("Order"), *City of New York v. Milhem Attea Bros., Inc.*, 2012 U.S. Dist. LEXIS 116533 (E.D.N.Y. Aug. 17, 2012), either by "deeming" the Order a partial final judgment under Rule 54(b) or by certifying the Order pursuant to 28 U.S.C. § 1292(b). Mauro Pennisi apparently now seeks to delay the hearing scheduled at its request.

      **Rule 54(b)** -- Rule 54(b) certification is unavailable as a matter of law because the Order is not a final judgment under 28 U.S.C. § 1291 and no court is empowered to "deem" it one. "It is settled that, in making the requisite determination and direction under F.R. Civ. P. 54(b), 'the District Court *cannot*, in the exercise of its discretion, treat as 'final' that which is not 'final' within the meaning of 28 U.S.C. § 1291.'" *Cinerama, Inc. v. Sweet Music, S.A.*, 482 F.2d 66 (2d Cir. 1973) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956) (emphasis in original)). "The essence of a final judgment is that it leaves *for the court nothing to do but order execution*." *International Controls Corp. v. Vesco*, 535 F.2d 742, 748 (2d Cir. 1976) (emphasis added).

      By its terms, Rule 54(b) provides that "… the court may direct entry of a *final judgment* as to one … claim … if the court expressly determines there is no just reason for delay" (emphasis added). Having "repeatedly stressed the importance of strict adherence to the certification requirements of Rule 54(b)," *id.* at 747, the Second Circuit has also held that Rule

54(b) applies only to "final judgments" or "final decisions," where nothing remains to be done and that "a judgment cannot be considered final as long as it leaves open the question of additional damages." *Id.* at 748 ("the claims on which ICC is still free to prove additional damages may not be subject to a final judgment or Rule 54(b) certification"); *Cinerama*, 482 F.2d at 69 (Rule 54(b) certification improper for a judgment which determined the merits of all of the contentions asserted by parties but had not yet fixed the damages sought by the prevailing party); *accord In re New York Asbestos Litigation*, 155 F.R.D. 61 (S.D.N.Y. 1994) ("Until the noneconomic damages ... are determined, therefore, the verdict ... cannot be subject to a Rule 54(b) certification"). There is no meaningful distinction between an assessment of damages and assessment of a penalty. *See Norris v. New York City College of Tech.*, 2009 U.S. Dist. LEXIS 107821 (E.D.N.Y. Nov. 18, 2009) ("Until the amount of punitive damages is determined, the Court cannot enter final judgment or certify the entry of a partial final judgment under Federal Rule of Civil Procedure 54(b).") The pendency of a hearing to determine the amount of the penalty assessed against Pennisi, *see* 2012 U.S. Dist. LEXIS 116533 at *106, falls squarely within this rule.[1] Nor has Pennisi articulated why "there is no just reason for delay," where the sole "delay" for the claim at issue is a hearing held at Pennisi's request.

**Certification** – The Court may recall previously denying defendants' motion for certification earlier in this case. *City v. Milhelm Attea*, 2009 U.S. Dist. LEXIS 19351 at *19-24 (E.D.N.Y. March 11, 2009). That decision sets forth the law governing certification under 28 U.S.C. § 1292(b), which the City accordingly does not repeat here beyond noting that Pennisi has failed to point to the required "controlling question of law as to which there is a substantial grounds for difference of opinion" that would "materially advance the ultimate termination of the litigation" if immediately appealed. 18 U.S.C. §1292(b).[2] Pennisi has not identified any controlling question of law, but merely refers to "questions of law that Pennisi has reasonable grounds" on which to seek review. *Pennisi Letter* at 2. "Reasonable grounds" is not the standard. Having failed to identify either a controlling question, or one for which there is substantial ground for a difference of opinion, the motion should be denied out of hand. If a further basis for denial is needed, the Pennisi Letter also fails to identify how certification would materially advance the ultimate termination of the litigation. To the contrary, Pennisi proposes to delay these proceedings pending its appeal.

---

[1] This impediment to Rule 54(b) certification could be obviated if in lieu of a hearing Pennisi were to stipulate to entry of judgment of a penalty in a sum certain. *See Sodexho Marriott Servs. v. Lakeside Nursing Home, Inc.*, 2001 U.S. Dist. LEXIS 11549 (N.D.N.Y Aug. 13, 2001). The City would entertain reasonable offers.

[2] The controlling question of law for which certification was previously denied was the Court's holding that N.Y. Tax L. § 471 constituted an "applicable tax" for purposes of the CCTA, a far more "controlling" question of law than any holdings in the Order. That earlier holding is by now not one for which there is <u>any</u> basis, much less a substantial basis, for a difference of opinion. *See United States v. Morrison*, 686 F.3d 94 (2d Cir. 2012); *Cayuga Indian Nation v. Gould*, 14 N.Y.3d 614, 930 N.E.2d 233, 904 N.Y.S.2d 312 (2010).

**Discovery** – In anticipation of the penalty hearing, the City has served notices of deposition, interrogatories, document requests and requests to admit on Gutlove & Shirvint and Mauro Pennisi. Both defendants have expressed uncertainty as to the propriety of that discovery, which the City believes is called for in preparation for an evidentiary hearing that will address "the good or bad faith of the defendants, the injury to the public, and the defendants' ability to pay...," including "their gross and net profits from their business of selling unstamped cigarettes." 2012 U.S. Dist. LEXIS 116533 at *97. The City believes that a conference with the Court (by telephone or otherwise), or with the Magistrate Judge, would be useful in clarifying the scope of discovery, bearing in mind that none of the defendants has been previously deposed in this case.

Thank you for your consideration of this matter.

Respectfully submitted,

Eric Proshansky

cc: All Counsel of Record (via ECF)