UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
THE CITY OF NEW YORK,

                    Plaintiff,

    - against -

MILHELM ATTEA & BROS., INC.,
DAY WHOLESALE, INC.,
GUTLOVE & SHIRVINT, INC.,
MAURO PENNISI, INC.,
JACOB KERN & SONS, INC.,
WINDWARD TOBACCO, INC., and
CAPITAL CANDY COMPANY, INC.,

                    Defendants.
-------------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
06-CV-03620 (CBA) (VMS)

AMON, Chief United States District Judge.

       The City of New York ("the City") initiated this action against the above-captioned defendants—cigarette wholesalers who are state-licensed cigarette stamping agents—contending principally that the wholesalers violated the Contraband Cigarette Trafficking Act ("CCTA"), 18 U.S.C. § 2341 et seq.  The City settled with some defendants, leaving only defendants Mauro Pennisi, Inc. ("Pennisi"), Gutlove & Shirvint, Inc. ("Gutlove"), and Day Wholesale, Inc. ("Day").  On August 17, 2012, this Court granted summary judgment to the City on the issue of the liability of Pennisi and Gutlove for CCTA violations, concluding in addition that some amount of civil penalties was appropriate and would be assessed at a later hearing.  (DE #391.) The Court also granted summary judgment to Day, and, in its Order of October 9, 2012, directed the Clerk of Court to enter judgment and dismiss claims against Day.  (DE #400.)  Finally, the Court denied cross-motions for summary judgment as to the City's pendant claim for attorney's fees under the Cigarette Marketing Standards Act ("CMSA"), New York Tax Law § 484.

On September 6, 2012, expressing its intent to appeal the Court's ruling on liability and the appropriateness of civil penalties under the CCTA, defendant Pennisi filed a request that the Court deem its August 17, 2012 Memorandum & Order ("Order") a partial final judgment under Rule 54(b) of the Federal Rules of Civil Procedure, or in the alternative, that it certify the Order for an immediate appeal pursuant to 28 U.S.C. § 1292(b).  (DE #392.)  For the reasons set for the below, the Court denies both requests.

## DISCUSSION

### I.  Final Judgment under Rule 54(b)

Pennisi argues that entry of a partial final judgment under Rule 54(b) is appropriate because: (1) both judicial economy—an underlying goal of Rule 54(b)—and its own resources "would be best served" if the Court were to permit an immediate appeal of the Court's finding of liability and the appropriateness of liability before conducting a hearing on penalty amounts; and (2) the Order is "effectively a final order" because it is a final determination of liability for the only claim for which the Court has federal question jurisdiction.  The City counters that "Rule 54(b) certification is unavailable as a matter of law because the Order is not a final judgment under 28 U.S.C. § 1291."

Under Rule 54(b), which applies only in cases with multiple claims or multiple parties, a district court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." According to the Second Circuit, therefore, to have a final judgment under Rule 54(b):

> (1) multiple <u>claims</u> or multiple <u>parties</u> must be present, (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make "an express determination that there is no just reason for delay" . . . .

Ginett v. Computer Task Group, Inc., 962 F.2d 1085, 1091 (2d Cir. 1992).  Respecting the

2

federal policy against "piecemeal appeals," moreover, a district court should exercise the "power to enter such a final judgment before the entire case is concluded, thereby permitting an aggrieved party to take an immediate appeal, . . . sparingly." Novick v. AXA Network, LLC, 642 F.3d 304, 312 (2d Cir. 2011) (internal quotation marks and citation omitted). Indeed, "the power should be used only in the infrequent harsh case where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." L.B. Foster Co. v. Am. Piles, Inc., 138 F.3d 81, 86 (2d Cir. 1998) (internal quotation marks and citation omitted).

Since this is a case with multiple claims and multiple parties, the relevant questions here are (1) whether the Court's Order finding liability and the appropriateness of civil penalties with respect to Pennisi and Gutlove constitutes a final decision within the meaning of 28 U.S.C. § 1291; and if so (2) whether there is any just reason for delay.

"Rule 54(b) is not an exception to the final judgment rule that generally governs federal appeals, for each claim or set of claims certified for appeal must still be "finally decided" within the meaning of § 1291." Ginett, 962 F.2d at 1092. A claim is "finally decided" when the court renders a decision that "ends the litigation [of that claim] on the merits and leaves nothing for the court to do but execute the judgment" entered on the claim. Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)) (internal quotation marks omitted); see also Samoza v. N.Y.C. Dep't of Educ., 538 F.3d 106, 112 (2d Cir. 2008).

Where an order leaves matters of relief undecided, that order requires the court to do more than simply "execute the judgment" entered on the claim and is not, therefore, a final decision on that claim. Cf. Int'l Controls Corp. v. Vesco, 535 F.2d 742, 748 (2d Cir. 1976)

3

("The essence of a final judgment is that it leaves for the court nothing to do but order execution."). As the Supreme Court has stated, an "order [that]. . . constitutes a grant of partial summary judgment limited to the issue of petitioner's liability" is by its terms "interlocutory, and where assessment of damages or awarding of other relief remains to be resolved [has] never been considered to be 'final' within the meaning of 28 U.S.C. § 1291." Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 744 (1976) (internal citation omitted); see Petrello v. White, 533 F.3d 110, 113-14 (2d Cir. 2008).

      Here, the Court's Order resolves issues of CCTA liability against Pennisi and Gutlove and has determined that an award of civil penalties is appropriate, but the amount of civil penalties has yet to be assessed. According to the Second Circuit, "a district court [can] not endow with finality a judgment which determined the merits of all of the contentions asserted by parties but ha[s] not yet fixed the damages sought by the prevailing ones, even though 'the computation would now seem to be comparatively simple, if not ministerial in nature.'" Cinerama, Inc. v. Sweet Music, S.A., 482 F.2d 66, 69 (2d Cir. 1973) (quoting Petrol Corp. v. Petroleum Heat & Power Co., 162 F.2d 327, 329 (2d Cir. 1947)); see also F.H. Krear & Co. v. Nineteen Named Trustees, 776 F.2d 1563, 1564 (2d Cir. 1985) (finding merit judgment on a claim not final where attorneys' fees that were contractually stipulated element of damages had not been determined.); Vesco, 535 F.2d at 748 ("[T]he district court may utilize its Rule 54(b) powers with respect to a given claim only if all damages stemming from that claim have been fixed."). As with an order that leaves the assessment of compensatory damages unresolved, an order that has yet to assess the amount of punitive damages or civil penalties requires a court to do more than "execute the judgment" and is not a final decision on the claim. See Norris v. N.Y.C. College of Tech., No. 07-CV-853, 2009 WL 3841970, at *3 (E.D.N.Y. Nov. 18, 2009)

4

("Until the amount of punitive damages is determined, the Court cannot enter final judgment or certify the entry of a partial final judgment under [F.R.C.P.] 54(b)."). Accordingly, because the Court's Order leaves the amount of civil penalties to be awarded unresolved, it is not a final decision within the meaning of 28 U.S.C. § 1291 on the CCTA claim against Pennisi. Having more to do than simply "execute the judgment" on this claim, the Court thus cannot direct a partial final judgment under Rule 54(b).

The Court notes further that, even if it were inclined to construe the Order as a final decision, Pennisi has provided no basis for the Court to exercise its discretion under Rule 54(b), a power the Second Circuit has consistently admonished should "be exercised sparingly." See, e.g., Hogan v. Consol. Rail Corp., 961 F.2d 1021, 1025 (2d Cir. 1992). Pennisi has failed to articulate "any unusual hardship" or injustice it, or any other party, would endure if required "to await, in accordance with normal federal practice, the disposition of the entire case before obtaining appellate review" of this claim. Id. Aside from its general assertion that "judicial economy as well as [its] resources would be best served by permitting an immediate appeal," Pennisi states only that "there is 'no just reason for delay.'" Pennisi's concerns, however, are ones that are present in every case where the amount of damages are assessed separately from the finding of liability—a scenario that, as discussed above, does not by itself warrant entry of partial final judgment on the liability determination only.

The Court thus denies Pennisi's request to deem its Order a partial final judgment under Rule 54(b).

## II. Certification under 28 U.S.C. § 1292(b)

Pennisi argues, in the alternative, that this Court should certify its Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) because (1) "there are clearly numerous questions of law

that Pennisi has reasonable grounds to seek appellate review"; and (2) the City would not suffer any prejudice if the matter proceeded to immediate appeal. The City answers that Pennisi's motion "should be denied out of hand" because Pennisi fails to identify an appropriate ground on which the Court could properly certify the Order for interlocutory appeal.

Section 1292(b), an exception to the rule that appellate review be delayed until judgment has been entered, allows permissive appeals of non-final orders upon consent of both the district court and the court of appeals. A district court may certify an order for interlocutory appeal where: (1) the "order involves a controlling question of law"; (2) "there is substantial ground for difference of opinion" on this question of law; and (3) "immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

As with the entry of partial judgments under Rule 54(b), the Second Circuit has held repeatedly that "use of this [§ 1292(b)] certification procedure should be strictly limited because only exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." In re Flor, 79 F.3d 281, 284 (2d Cir. 1996) (alteration in original) (internal quotation marks and citation omitted); see Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865 (2d Cir. 1996) ("Section 1292(b)'s legislative history reveals that although that law was designed as a means to make an interlocutory appeal available, it is a rare exception to the final judgment rule that generally prohibits piecemeal appeals."); see also Westwood Pharm., Inc. v. Nat'l Fuel Gas Distrib. Corp., 964 F.2d 85, 89 (2d Cir. 1992) ("[W]e urge the district courts to exercise great care in making a § 1292(b) certification."). Indeed, § 1292(b) certification is so exceptional that, even when a district court concludes that the three factors in § 1292(b) are met, it nevertheless retains "unfettered discretion" to deny leave to appeal. See Nat'l Asbestos Workers Med. Fund v. Phillip Morris, Inc., 71 F. Supp. 2d 139,

6

162 (E.D.N.Y. 1999); In re Vitamin C Antitrust Litig., No. 06-MD-1738, 2012 WL 425234, at *1 (E.D.N.Y. Feb. 9, 2012). As a result, the certification process is "reserved for those cases where an intermediate appeal may avoid protracted litigation." Koehler, 101 F.3d at 865-66.

An order involves a "controlling question of law" if reversal of the order could result in the dismissal of the action or could "significantly affect the conduct of the action." S.E.C. v. Credit Bancorp. Ltd., 103 F. Supp. 2d 223, 227 (S.D.N.Y 2000); see also Klinghoffer v. S.N.C. Anchille Lauro, 921 F.2d 21, 24 (2d Cir. 1990) ("Although the resolution of an issue need not necessarily terminate an action in order to be 'controlling,' it is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action." (internal citations omitted)).

Despite the City's protestations that Pennisi has failed to identify a controlling question of law, Pennisi offers several legal questions that the Order resolved against it that the Court understands as suggestions of "controlling questions of law." These include questions related to the City's standing, whether certain evidence was properly submitted, the proper application of the summary judgment standard, and the constitutionality of incorporating penalties standards from a statute not at issue in the case when developing a framework for determining the relevant civil penalties here. Although the Court acknowledges that reversal on at least some of these questions could potentially result in the dismissal of this action or otherwise significantly alter the conduct of the case, it notes that Pennisi appears to simply ignore its burden of demonstrating that there be "a substantial ground for difference of opinion" on how the Court resolved these questions of law. See In re Flor, 79 F.3d at 284; SPL Shipping Ltd. v. Gujarat Cheminex Ltd., No. 06 Civ. 15375, 2007 WL 1119753, at *2 (S.D.N.Y. Apr. 12, 2007) ("For there to be a substantial ground for difference of opinion under the law, 28 U.S.C. § 1292(b), there must be

substantial doubt that the district court's order was correct." (internal quotation marks and citation omitted)). Simply arguing that the Court made the wrong decision, as Pennisi appears to do here, is not, without more, a "substantial ground for difference of opinion." See Moll v. U.S. Life Title Ins. Co. of N.Y., No. 85 CIV. 6866, 1987 WL 10026, at *3 (S.D.N.Y. Apr. 21, 1987). To the extent that Pennisi relies on the arguments made to this Court before issuing this Order, the Court notes that it has already considered and rejected those arguments as unpersuasive. See In re Methyl Tertiary Butyl Ether ("MTBE") Products Liab. Litig., 399 F. Supp. 2d 320, 324 (S.D.N.Y. 2005) ("[A] party that offers only arguments rejected on the initial motion does not meet the second requirement of § 1292(b)." (quoting Ralph Oldsmobile Inc. v. Gen. Motors Corp., No. 99 Civ. 4567, 2001 WL 55729, at *4 (S.D.N.Y. Jan. 23, 2001) (internal quotation marks omitted)); Shipping Corp .of India, Ltd. v. Am. Bureau of Shipping, 752 F. Supp. 173, 175 (S.D.N.Y 1990) (determining that plaintiff that had "not advanced any new argument that th[e] court had not previously examined while ruling on defendant's motion for summary judgment" had "failed to demonstrate that there is any conflicting authority which would persuade th[e] court that there could be a substantial doubt on th[e] issue of law"); Moll, 1987 WL 10026, at *3 (finding that plaintiffs had not demonstrated a "substantial ground for difference of opinion" where they relied on reargument of considerations "already weighed by the Court in its initial decision" and deemed unpersuasive).

Finally, and most importantly, the Court is not persuaded that an immediate appeal at this juncture would "materially advance the ultimate termination" of this litigation. The parties are currently engaged in discovery for the evidentiary hearing on civil penalties that defendants Pennisi and Gutlove requested. According to the parties, this discovery should be completed shortly, and there is no reason to believe that either the hearing or the ultimate resolution of the

8

action will be unduly protracted. See Koehler, 101 F.3d at 865-66 (noting that the certification process is "reserved for those cases where an intermediate appeal may avoid protracted litigation"). As a result, the Court considers it more efficient to proceed to the evidentiary hearing on the amount of civil penalties, rather than putting this case on hold so that an appeal can run its course. Cf. Western Geophysical Co. of Am. v. Bolt Assocs., Inc., 463 F.2d 101, 104 (2d Cir. 1972) (noting that a ruling on liability could be properly certified under § 1292(b) where "hearing on damages will be truly prolonged"). Indeed, given that the Court's determination of the amount of civil penalties also carries with it the possibility of appeal, the policy against "piecemeal appeals" is best served by bringing this case to a final judgment.

Accordingly, the Court denies Pennisi's motion to certify the Order pursuant to 28 U.S.C. § 1292(b) for immediate appeal.

## CONCLUSION

For the foregoing reasons, the Court denies defendant Pennisi's request to deem its August 17, 2012 Memorandum & Order a partial final judgment under Rule 54(b) of the Federal Rules of Civil Procedure, or in the alternative, to certify the Order for an immediate appeal pursuant to 28 U.S.C. § 1292(b).

SO ORDERED.

Dated: Brooklyn, New York
      October 16 , 2012

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge